UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TA'RHONDA CHUBE CAMEL, ET AL. | CIVIL ACTION |
| VERSUS | |
| OLD RIVER OF NEW ORLEANS, LLC ET AL. | NO. 17-380-JWD-RLB |

**ORDER**

Before the Court is Plaintiffs' Motion to Compel (R. Doc. 35) filed on February 1, 2018. Plaintiffs seek an order requiring YRC, Inc. d/b/a YRC Freight ("YRC") to comply with a subpoena. The motion is opposed. (R. Doc. 39). Plaintiffs submitted a letter providing an update of discovery, including the issues that are the subject of the instant Motion to Compel. (R. Doc. 41).

The Court held oral argument on March 28, 2018. (R. Doc. 40).

**I.   Background**

On August 28, 2017, Ta'Rhonda Chube Camel, on behalf of herself and her minor children ("Plaintiffs") commenced this action in state court against Old River of New Orleans, LLC D/B/A Old River Volvo Truck Sales and Service ("Old River of New Orleans"). (R. Doc. 1-1, "Petition"). Plaintiffs allege that while Ms. Camel's husband, Gerrick D. Camel, was employed by YRC, in Port Allen, Louisiana as a truck driver, he sustained various physical injuries when the step broke away from a Volvo tractor-trailer that he was moving out of the way of his own tractor-trailer. (Petition ¶ 2). Plaintiffs allege that Old River of New Orleans "had performed maintenance on the Volvo rig by changing out and installing a new battery on the driver's side, which required the step to be removed and reinstalled on the rig, driver's side."

(Petition ¶ 2). Plaintiffs allege that Mr. Camel "suffered severe injuries to which he later succumbed on February 8, 2017." (Petition ¶ 6).

On June 15, 2017, Old River of New Orleans removed the action, asserting that this Court has diversity jurisdiction. (R. Doc. 1).

On September 18, 2017, the Court entered Plaintiffs' Supplemental and Amending Petition for Damages into the record, which named Old River of Louisiana, LLC D/B/A Old River Volvo Truck Sales and Service ("Old River of Louisiana") as an additional defendant. (R. Doc. 14).

On October 9, 2015, both Old River entities moved for summary judgment on the basis that they did not perform any work on the subject Volvo tractor-trailer, which they identified as having VIN 4V4MD2RF8YN255166. (R. Doc. 15).

On November 15, 2017, the district judge denied the motion for summary judgment without prejudice, granting Plaintiffs leave to conduct discovery for 60 days "for the limited purpose of determining who performed work on the subject Volvo." (R. Doc. 25). The undersigned subsequently extended the deadline to March 1, 2018, and stayed the deadline to complete all other non-expert discovery in this action. (R. Doc. 33).

On or about November 17, 2017, Plaintiffs served the subpoena at issue on YRC pursuant to Rule 45. (R. Doc. 27-2). The subpoena sought the following information for production in Baton Rouge, Louisiana, by December 15, 2017:

> 1. ALL DOCUMENTS and ELECTRONICALLY STORED INFORMATION regarding invoices, repair orders, maintenance tickets received from Old River of Louisiana d/b/a Old River Volvo Truck Sales and Services for services rendered from May 1, 2016 through May 31, 2016, including dashcam installations, battery replacements, mechanical work, electrical work, and preventative maintenance that was received by YRC, Inc. from Old River of Louisiana d/b/a Old River Volvo Truck Sales and Services whether received hand delivered, U.S. Mail or transmitted electronically.

2. A copy of the invoice received form the vendor/provider and documentation showing payment by YRC, Inc. to the vendor/provider whether payment was made by check, electronic means, credit card, or any other form of payment for the following service:

| UNIT NO | ITEM NO | DESCRIPTION | LOC | DATE | RONUM | METER |
|---|---|---|---|---|---|---|
| RDWY69278 | 67- L0000 | LYTX DRIVECAM INSTALLATION | 473 | 05/20/16 | EEMS103 | 156,528 |

(R. Doc. 27-2 at 5-6).

On December 20, 2017, YRC produced a screenshot of an electronic invoice from Lytx for the purchase and installation of drivecams for hundreds of trucks throughout the United States for $717,220.00, a printout of the electronic voucher for payment to Lytx from its bank, and a copy of a paper invoice obtained by YRC from Lytx in the amount of $57,660.01 for the purchase and installation of 100 drivecams. (R. Doc. 39 at 2-3; *see* R. Doc. 39-1 at 1). YRC represents that Lytx provided a copy of the foregoing invoice in response to a request for "any paper invoice that it may have pertaining to the drivecam installation on Unit 69278." (R. Doc. 39 at 3).

On December 27, 2017, Plaintiffs sent a letter to YRC asserting that the foregoing information was insufficient, and sought a supplemental production by January 5, 2018 to prevent the filing of a motion to compel. (R. Doc. 27-4).

On February 1, 2018, Plaintiffs filed the instant Motion to Compel. (R. Doc. 35).[1] Plaintiffs argue that YRC's "subpoena response did [not] provide the invoice or the payment information for the services rendered on May 20, 2016," (R. Doc. 35 at 2). Plaintiffs further

---

[1] The Court ordered Plaintiffs to serve YRC with a copy of the motion to compel in light of Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure. (R. Doc. 36).

argue that YRC "is withholding crucial information by not providing the name of the vendor that installed the LYTX dashcams." (R. Doc. 35 at 3).

On March 13, 2018, YRC informed Plaintiffs that they had produced all information responsive to the subpoena regarding Unit 69278 (VIN 4V4MD2RF8YN255166), and supplemented their production with similar documentation regarding Unit 23617 (VIN 4V4M10RF22N335278), including an invoice obtained from Lytx. (R. Doc. 39-2).

On March 23, 2018, YRC filed its Memorandum in Opposition. (R. Doc. 39). YRC asserts that it has satisfied its duties under the subpoena because it has produced all information in its possession responsive to the subpoena; that it obtained and produced additional information from Lytx and Unit 23617 although not requested in the subpoena. (R. Doc. 39 at 2-5). YRC further represents that it "has now been ascertained that the Volvo truck that Mr. Camel moved out of the way from his trailer was Unit 23617." (R. Doc. 39 at 4).

**II.     Law and Analysis**

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

The subpoena at issue seeks certain information regarding the Volvo tractor-trailer identified as Unit 69278. YRC's counsel represented at oral argument that nine tractor-trailers were assigned to the Port Allen location at issue, and that YRC was not aware whether Lytx or a third-party installed the drivecams onto the vehicles, which would have occurred at the Port

Allen facility. YRC's counsel further represented that YRC has produced all responsive documents in its possession, custody, or control. At oral argument, Plaintiff's counsel was unable to articulate any specific information responsive to the subpoena that had not been produced.

The record clearly indicates that YRC has satisfied its duties in responding to the subpoena at issue. Indeed, YRC went beyond what is required by Rule 45 by obtaining and producing additional information from Lytx, as well as producing information related to a Volvo tractor-trailer not identified in the subpoena. There is simply nothing for the Court to compel.

Accordingly, the Court will deny the relief sought by Plaintiffs.[2]

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 35) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] YRC seeks an award of attorney's fees incurred in responding to the instant Motion to Compel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). As YRC's request for attorney's fees fails to meet the procedural requirements of Rule 11(c)(2), the request for Rule 11 sanctions is denied. *See Richard v. Louisiana Industries for the Disabled*, No. 10-426, 2011 WL 1527586, at *3-4 (M.D. La. Apr. 20, 2011).